## Alice Ecret, Appellant, v. Hart Cycle Company.

*Negligence—Bicycle schools—Bicycles.*

In an action against the proprietors of a bicycle school to recover damages for personal injuries caused by a fall from a bicycle, a nonsuit is properly entered where the evidence for the plaintiff shows that she was a pupil of the school; that during her fifth lesson she was placed upon a bicycle by her instructor who took her once around the room, and then gave her a push, telling her to go ahead, and saying in answer to her protest, " You are all right, push ; " and that she then lost control of the wheel, and was thrown and injured.

Argued March 24, 1898. Appeal, No. 489, Jan. T., 1897, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1897, No. 1250, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before BIDDLE, P. J.

At the trial it appeared that on December 9, 1895, plaintiff was injured while taking a bicycle lesson in defendant's bicycle school. Plaintiff had already taken four lessons. She described the accident as follows :

" On December 9, I went to take my usual lesson of half an hour, which is divided up into ten minutes. I had taken the first ten minutes, and was resting, and the instructor was busy fixing something, and then he came and put me on my wheel, and took me once around ; he thought, no doubt, I was capable of going alone. He put me on my wheel and took me once around the room, and then says, 'Go ahead.' I said, 'Don't leave me.' He said, ' You are all right, push,' and he started me around the room with a push. Q. He started you around the room with a push? A. Yes, sir; as they usually do, give the people a push and let them go. I was not capable of managing the wheel, and it went part way and struck a post—not another wheel, and I bounded off. I tried to get up and I was so jarred internally that I could not."

The court in entering a compulsory nonsuit said :

According to the evidence, the instructor was teaching her to the best of his ability. He thought that his instruction was

sufficient to enable her to go alone. She had had five lessons. Her protesting has nothing to do with it. She was not the judge of that. He was the judge of that. In trying to go alone the bicycle was upset and she was injured. It was his judgment she should try to go alone. He was the teacher. It is like the case of a doctor. If a doctor treats you, he treats you to the best of his ability. He does not guarantee that he will cure you, and this man does not guarantee that this device would not upset you. I will enter a nonsuit.

*Error assigned* was refusal to take off nonsuit.

*Thomas A. Fahy,* for appellant.—In entering the nonsuit, the learned court remarked that it did so because the instructor, and not the plaintiff, was the judge as to whether his instruction was sufficient to enable her to go alone. " In trying to go alone," said the trial judge, " the bicycle was upset, and she was injured." It will be seen that the vital point in the case escaped the attention of the court. Plaintiff rested her right to recover upon the wilfully reckless act of the instructor in pushing her forcibly and violently from him in disregard of her entreaty and protest. It was error to say that plaintiff was injured because " in trying to go alone the bicycle was upset." The very converse was the fact. Plaintiff was not " trying to go alone." On the contrary, feeling herself unprepared as yet to go alone, she appealed to the instructor not to leave her. This was the very point in the case. She had a right to demand this by virtue of the ticket she held, entitling her, if she desired it, to instruction to the extent of twenty lessons. Yet, after she has taken but three lessons, the instructor, not only gives no heed to her wishes not to be left alone, but propels her forcibly ahead with the words : " Go ahead, you're all right, push," and she promptly collides with a pillar.

When the thing which causes the injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care : Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497.

Where the standard of duty is not fixed, but varies with the circumstances as developed by the testimony, the question whether a reasonable and proper degree of care was used, is always for the jury : Winans v. Randolph, 169 Pa. 606 ; Mc-·Cleary v. Frantz, 160 Pa. 535.

*Hampton L. Carson*, for appellee.

PER CURIAM, April 11, 1898 :

We are not convinced that there was any error in refusing to take off the nonsuit ordered by the learned trial judge. It is unnecessary to refer to the evidence further than to say that it is insufficient to require submission of the case to a jury on the question of defendant company's negligence.

Judgment affirmed.